2024 IL App (2d) 240413-U
No. 2-24-0413
Order filed November 26, 2024

**NOTICE:** This order was filed under Supreme Court Rule 23(c)(2) and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| *In re* PARENTAGE OF | ) | Appeal from the Circuit Court |
| A.M., a Minor | ) | of McHenry County. |
| | ) | |
| | ) | No. 23-FA-152 |
| | ) | |
| (Jessica M., Petitioner-Appellant, | ) | Honorable |
| v. Hector Y.C.M., Respondent- | ) | Jennifer Louise Johnson |
| Appellee). | ) | Judge, Presiding. |

JUSTICE BIRKETT delivered the judgment of the court.
Justices Hutchinson and Mullen concurred in the judgment.

**ORDER**

¶ 1   *Held*: Petitioner's petition for parental allocation and special findings presented a justiciable issue.

¶ 2   Petitioner, Jessica M., appeals the circuit court of McHenry County's orders denying her amended petition for allocation of parental responsibilities and special findings for her son, A.M. We reverse and remand.

¶ 3                                    I. BACKGROUND

¶ 4   On August 10, 2023, petitioner filed her petition for allocation of parental responsibilities, which also included a request that the court enter "Special Immigrant Juvenile Status Findings" (SIJ findings) pursuant to section 603.11(c) of the Illinois Marriage and Dissolution of Marriage

Act (Act) (750 ILCS 5/603.11(c) (West 2022)) as to her son, A.M. At an April 18, 2024, hearing on the petition, the court expressed confusion as to what specific relief petitioner was requesting and gave petitioner leave to file an amended petition clarifying as much. On May 22, 2024, petitioner filed her amended petition, which alleged, among other things, that petitioner and respondent, Hector Y.C.M., engaged in sexual relations resulting in A.M.'s birth. Since then, Hector had passed away, and A.M. began to reside with his mother in Woodstock. Petitioner sought an order allocating sole parenting responsibilities to her, as well as an order "making the necessary legal findings pursuant to [section 603.11(c)], to enable [A.M.] to petition the United States Citizenship and Immigration Services ("USCIS") for Special Immigrant Juvenile Status." At the hearing, the court expressed doubt that the petition presented "a justiciable issue that [it could] resolve in the form [petitioner has] presented it," or that A.M. was a "dependent of the Court" and "abandoned" for purposes of the Act. For these reasons, the court denied petitioner's petition. On June 24, 2024, petitioner filed a motion to vacate the court's denial of her petition. While hearing the motion, the court clarified its earlier denial of the amended petition, stating, "I don't have a justiciable issue, which is required for a Court to act. I have no definite and concrete controversy because the father is deceased. There is nothing to do between these parties because he is deceased." The court recognized that some "legal pathway" may be available to petitioner but opined that "doing a family law case requesting, for instance, an adjudication of paternity and allocation of responsibilities between a living person and a deceased person is not, in this Court's opinion, a viable way to do that." Petitioner timely appeals.

¶ 5                                            II. ANALYSIS

¶ 6      Given this case's straightforward nature, we may decide this appeal without the benefit of an appellee's brief. See *First Capitol Mortgage Corp v. Talandis Construction Corp.*, 63 Ill. 2d

128, 133 (1976). As this case presents a question of statutory interpretation, we review the court's judgment *de novo*. *Lewis v. Lead Industries Ass'n*, 2020 IL 124107, ¶ 36. On appeal, petitioner argues that the trial court erred in: (1) failing to make SIJ findings as to A.M.; and (2) denying the petition on the basis that Hector was deceased. We agree.

¶ 7    "SIJ findings enable a qualifying minor to petition [USCIS] for an adjustment of status to become a lawful permanent resident." *In re Ervin C.-R.*, 2020 IL App (2d) 200236, ¶ 12. The Immigration and Nationality Act provides for such findings where a juvenile has been "declared dependent on a juvenile court located in the United States" and where "reunification with 1 or both of the immigrant's parents is not viable due to abuse, neglect, abandonment, or a similar basis found under State law." 8 U.S.C. § 1101(s)(27)(J)(i) (2022). More specifically, SIJ findings are appropriate where "it has been determined in administrative or judicial proceedings that it would not be in the alien's best interest to be returned to the alien's or parent's previous country of nationality or country of last habitual residence." *Id.* § 1101(s)(27)(J)(ii) (2022). "Federal regulations clarify that a '[j]uvenile court means a court located in the United States having jurisdiction under State law to make judicial determinations about the custody and care of juveniles,' " *Ervin C.-R.*, 2020 IL App (2d) 200236, ¶ 12 (citing 8 C.F.R. § 204.11(a) (2022)).

¶ 8    The Illinois legislature has enacted provisions mirroring these federal laws to provide for SIJ findings in state court. *Id.*, ¶ 13. Relevantly, the Act now provides:

> "A court of this State that is competent to allocate parenting responsibilities has jurisdiction to make the findings necessary to enable a child, who is the subject of a petition to allocate parenting responsibilities, to petition the United States Citizenship and Immigration Services for classification as a Special Immigrant Juvenile under Section 1101(a)(27)(J) of Title 8 of the United States Code." 750 ILCS 5/603.11(b) (West 2022).

Moreover:

"If a motion requests findings regarding Special Immigrant Juvenile Status under Section 1101(a)(27)(J) of Title 8 of the United States Code, and the evidence, which may consist solely of, but is not limited to, a declaration by the child, supports the findings, the court shall issue an order, that includes the following findings:

(1)(A) the child is declared a dependent of the court; or (B) the child is placed under the custody of an individual or entity appointed by the court; and

(2) that reunification of the child with one or both of the child's parents is not viable due to abuse, neglect, abandonment, or other similar basis; and

(3) that it is not in the best interest of the child to be returned to the child's or parent's previous country of nationality or last habitual residence." *Id.* § 603.11(b) (West 2022).

"[A] child may be considered *dependent* on the court when the court is required to make a 'judicial determination[]' about the child's custody and care.' " (Emphasis in original.) *Ervin C.-R.*, 2020 IL App (2d) 200236, ¶ 14 (citing 8 C.F.R. § 204.11(a) (2022)). Furthermore, in this context, a child is abandoned where "one or both of the child's parents are deceased." 750 ILCS 5/603.11(a) (West 2022). "[S]tate-court SIJ findings are merely a predicate for the petition; whether to issue SIJ status is determined by the USCIS, after a more thorough inquiry." *Ervin C.-R.*, 2020 IL App (2d) 200236, ¶ 12 (citing 8 C.F.R. § 204.11(c) (2022)).

¶ 9 Here, given the plain language of the Act, petitioner is correct that section 603.11 empowered her to file a motion seeking to allocate parenting responsibilities and requesting SIJ findings before the circuit court, as the court is a " 'court located in the United States having jurisdiction under State law to make judicial determinations about the custody and care of

- 4 -

juveniles.' " 750 ILCS 5/603.11(b) (West 2022); *Ervin C.-R.,* 2020 IL App (2d) 200236, ¶ 12 (citing 8 C.F.R. § 204.11(a) (2019)). Thus, the court was incorrect when it found that the amended petition did not present a justiciable issue that it could rule on. *Ervin C.-R.,* 2020 IL App (2d) 200236, ¶ 15 ("A judicial order allocating sole decision-making responsibility and parenting time is, unquestionably, an order affecting a child's custody and care" for purposes of SIJ findings).

¶ 10    Furthermore, as petitioner argues, Hector's death did not preclude her from obtaining relief. Once more, in order to obtain SIJ findings under the Act, a petitioner must show that "reunification of the child with one or both of the child's parents is not viable due to abuse, neglect, abandonment, or other similar basis.' " 750 ILCS 5/603.11(c)(2) (West 2022). We have found that one parent's death qualifies as "abandonment" for these purposes, even where the other parent remains living. *Ervin C.-R.,* 2020 IL App (2d) 200236, ¶ 16. For this reason, Hector's death did not bar petitioner from her requested relief under the Act, but rather, his death was a prerequisite to her obtaining SIJ findings. *Id.* Accordingly, the circuit court also erred in denying the petition for allocation on the basis of Hector's death.

¶ 11                                III. CONCLUSION

¶ 12    For the foregoing reasons, we reverse the circuit court's denial of petitioner's petition for allocation and SIJ findings and remand the matter for a new hearing on the petition.

¶ 13    Reversed and remanded.